# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MAURICE CHAPMAN,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-648

Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his June 17, 2010 conviction and sentence for two counts of felonious assault in the Hamilton County Court of Common Pleas, Case No. B-0907147. *Id*. In the petition, petitioner raises four grounds for relief:

> GROUND ONE:
> Police officer Metz testified that "no weapon or blood was found, upon investigation at scene of fight." The alleged victim gave "four different colors" to this alleged weapon. The state[']s two key witnesses contradicted each other and evidence in possession of Mr. Chapman.
>
> GROUND TWO:
> Contradictions in time by state[']s two key witnesses. Contradiction by state[']s t[w]o key witness[es] vs. police report and medical record.
>
> GROUND THREE:
> Length of detention in the Hamilton County Justice (?) Center.
>
> GROUND FOUR:
> Indictment; prosecutorial and judicial misconduct. Ineffectiveness of first, second trial counsel and appellate counsel; motive for alleged crime; state of mind; no proof Miranda rights were read.

*Id.* Petitioner has neither paid the $5.00 filing fee necessary to institute this habeas action nor has he sought leave to proceed without prepayment of fees.[1]

Typically, in this instance, the Court would issue a Deficiency Order directing petitioner to submit a completed application and affidavit to proceed without prepayment of fees or pay the full filing fee. However, it has come to the undersigned's attention that on August 16, 2011, prior to filing the instant petition, petitioner filed a motion for leave to proceed *in forma pauperis* in connection with a separate habeas petition challenging the same conviction and sentence based on similar grounds for relief. *See Maurice Chapman, Sr. v. Warden*, No. 1:11-cv-560 (Bertelsman, J.; Bowman, M.J.) (Doc. 1). In that petition, petitioner also raised four grounds for relief:

> GROUND ONE:
> No weapon was used or found. Officer Metz testified "no blood or weapon was found." This alleged box cutter was given "four different colors" by alleged victim. I didn't arrive until "4:35 pm" and this contradicts the state[']s witnesses, who contradicted each other.
>
> GROUND TWO:
> 1. Never went to arraignment, even though, judge stated "I did."
> 2. Sat in the Hamilton County Justice Center from October 17, 2009 until July 7, 2011. Counsel (trial) was ineffective.
> 3. No weapon; no blood; contradiction and perjury by state[']s two witnesses.
>
> GROUND THREE:
> Police report and medical record contradicted the time, the state[']s witnesses testified this fight occurred. I had all of the documents in my possession, however, trial counsel refused to use all the documents I had and still have.
>
> GROUND FOUR:
> Bobby Turney (alleged victim) and Jalessa Hill gave to[o] many contradictions during trial. Like, the time of arrival [or] place this incident was supposed to have happened. I will send everything I sent to other courts.

---

[1] Though petitioner submitted a certificate page and a copy of his prison trust fund account statement with his habeas petition, he has not filed a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees. (*See* Doc. 1, pp. 143-150).

2

*Id.*

On August 23, 2011, the Court issued an order denying petitioner's motion for leave to proceed *in forma pauperis*, finding that his application demonstrated his ability to pay the full filing fee. *Maurice Chapman, Sr. v. Warden*, No. 1:11-cv-560 (Bertelsman, J.; Bowman, M.J.) (Doc. 2). The Court directed the Clerk of Court to administratively close the matter on the docket of the Court and noted that the "Order shall not affect petitioner's right to file his petition upon payment of the full $5.00 filing fee." *Id.* at 2. On September 26, 2011, petitioner complied with the Court's order and paid the filing fee.

The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). A district court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See Green v. Quarterman,* No. Civ. A. H-08-553, 2008 WL 2489840, at *2 (S.D. Tex. June 18, 2008) (citing *Remington Rand Corp.-Delaware v. Bus. Sys. Inc.,* 830 F.2d 1274, 1275-76 (3rd Cir. 1987)) (and Supreme Court cases cited therein); *Chrysler Credit Corp. v. Marino,* 63 F.3d 574, 578 (7th Cir. 1995) (quoting *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993)) ("A federal suit may be dismissed for 'reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'").

Here, because the two habeas petitions filed by petitioner challenge the same conviction and sentence based on substantially similar grounds for relief, the instant later-filed petition

3

should be dismissed as duplicative of the petition now pending before The Honorable William O. Bertelsman. *See, e.g., Davis v. United States Parole Comm'n,* No. 88-5905, 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989) (the dismissal of a later-filed habeas petition as duplicative of a pending petition "was proper," in a case where the petitioner did "not dispute the district court's finding that the . . . petition [was] 'essentially the same' as the earlier petition"); *see also Cummings v. Rapelje,* No. 11-cv-10239, 2011 WL 346480, at *1 (E.D. Mich. Feb. 3, 2011) (and cases cited therein) (in holding that a habeas petition was subject to dismissal as duplicative of the petitioner's "still pending first habeas petition, because both cases seek the same relief," the district court stated that "[a] suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions"); *Ware v. Wolfenbarger,* No. 2:07-cv-11006, 2007 WL 908004, at *1-2 (E.D. Mich. Mar. 23, 2007) (dismissing as duplicative a later-filed habeas petition, which "challenge[d] the same conviction and raise[d] the same claims and ma[de] the same arguments as the petition in the case pending before" another district judge).

    To the extent that petitioner intended to raise new claims in the instant petition and wishes to have these claims considered in the habeas petition pending in *Maurice Chapman, Sr. v. Warden*, No. 1:11-cv-560 (Bertelsman, J.; Bowman, M.J.),[2] he must file a motion to amend his petition in that case. *See Davis*, 1989 WL 25837, at *1.

    Accordingly, it is hereby **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily **DISMISSED** without prejudice to petitioner's prosecution of the duplicative habeas petition filed pursuant to 28 U.S.C. § 2254, which is currently pending

---

[2] Ground Four of the instant petition appears to raise claims not included in petitioner's prior habeas petition. (*See* Doc. 1).

before the Court in the case entitled *Maurice Chapman, Sr. v. Warden,* No. 1:11-cv-560 (Bertelsman, J.; Bowman, M.J.). *Cf. Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (modifying the judgment so that the dismissal was without prejudice to the adjudication of the remaining pending action); *Green, supra,* 2008 WL 2489840, at *2 (the dismissal of the duplicative habeas petition was "without prejudice").

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** without prejudice.

2. A certificate of appealability should not issue with respect any Order adopting this Report and Recommendation to dismiss the instant habeas corpus petition on the procedural ground of duplicativeness. Under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 9/29/2011

Karen L. Litkovitz
United States Magistrate Judge

rh
J:\Rob\11-648 dism duplicative.doc

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the duplicative petition. *See Slack,* 529 U.S. at 484.

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MAURICE CHAPMAN,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-648

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Maurico Chapman #629-864
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☒ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7003 2260 0002 6723 4149

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540