UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAURICE CHAPMAN, : NO. 1:11-CV-648
:
      Petitioner, :
:
v. : **OPINION AND ORDER**
:
WARDEN, LEBANON :
CORRECTIONAL INSTITUTION, :
:
      Respondent. :

This matter comes before the Court on the September 29, 2011 Report and Recommendation of the Magistrate Judge (doc. 2), and what we read as Petitioner's objection (doc. 4).

Our review of the Magistrate Judge's Report and Recommendation finds it to be well-reasoned and detailed. Therefore, we reiterate only those portions of it necessary to give context to our ruling. Petitioner filed the instant Petition for Writ of Habeas Corpus on September 20, 2011. In evaluating whether Petitioner had paid the appropriate filing fee, or applied to proceed without prepayment of such fee, the Magistrate Judge observed that Petitioner had filed a motion for leave to proceed in forma pauperis ("IFP") in connection with a separate habeas petition. That action was commenced in the Southern District of Ohio (Cincinnati) on August 16, 2011 and is currently before the Honorable William O. Bertelsman in the case captioned Maurice Chapman, Sr. v. Warden, No. 1:11-CV-560 ("Chapman I"). Petitioner's IFP motion (Chapman I, doc. 1) was denied (Chapman I, doc. 2), as the Court found he had the financial ability to pay the

full $5.00 filing fee. The Clerk of Court thereafter was instructed to administratively close the matter on the docket of the Court, with reopening permitted upon receipt of the full fee (Chapman I, doc. 2), which Petitioner tendered (Chapman I, 09/26/2011 docket notation). Petitioner's Writ of Habeas Corpus was then docketed on September 29, 2011 (Chapman I, doc. 4). Respondent moved for an extension of time, until January 27, 2012, to file his answer (Chapman I, doc. 8), which was granted (Chapman I, 10/14/2011 notation order). Ultimately, of course, the matter will be ripe for an initial report and recommendation by Magistrate Judge Bowman.

It is important to note that Chapman I and the instant cause of action both challenge the same conviction and sentence on similar grounds for relief. Indeed, in more than one instance, the grounds that underpin Petitioner's original petition not only encompass those set forth in his second petition, but also are more detailed. For example, "GROUND THREE" in his second petition states merely, "[l]ength of detention in the Hamilton County Justice (?) Center" (doc. 2 at 1), but in "GROUND TWO" of his original petition he elaborates, "[s]at in the Hamilton County Justice Center from October 17, 2009 until July 7, 2011. Counsel (trial) was ineffective" (doc. 2 at 2).

When, as here, habeas petitions essentially are duplicative, dismissal is permitted. "A district court may dismiss an action when it is duplicative of another action filed in federal

court." Green v. Quarterman, No. H-08-533, 2008 WL 2489840, *2 (S.D. Tex. June 18, 2008) (citing Remington Rand Corp. v. Business Systems, Inc., 830 F.2d 1274, 1275-76 (3d Cir. 1987)). This tenet holds true in habeas cases as well. Davis v. United States Parole Comm'n, No. 88-5905, 1989 WL 25837, *1 (6th Cir. Mar. 7, 1989); Cummings v. Rapelje, No. 11-cv-10239, at *1 (E.D. Mich. Feb. 3, 2011). Dismissal, however, should be without prejudice to a petitioner's prosecution of the duplicative pending suit. Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993)(successive IFP suit dismissed without prejudice).

Having engaged in a de novo review, for the reasons discussed above, therefore, we hereby ADOPT and AFFIRM the Magistrate Judge's Report and Recommendation. Petitioner's Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE to prosecution of his duplicative habeas petition, Maurice Chapman, Sr. v. Warden, No. 1:11-CV-560. We DECLINE to issue a certificate of appealability with respect to our dismissal without prejudice, because a "jurist of reason" would not find it debatable whether this Court is correct in its procedural rulings. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).[1] Finally, as initially noted, it was the lack of payment of the appropriate filing fee, and the lack of an application to proceed without prepayment of

---

[1] The Magistrate Judge correctly noted that the issue of whether Petitioner has stated any viable constitutional claim in his duplicative petition need not be evaluated when, as here, a habeas petition is dismissed on a procedural ground. See Slack, 529 U.S. at 484.

such fee, that led the Magistrate Judge to discover that the instant petition was the second (and a duplicative) one filed by Petitioner. Accordingly, she made no ruling on whether Petitioner would have qualified to proceed without payment of the appropriate filing fee. Nevertheless, to the extent Petitioner would apply to so proceed on appeal, pursuant to 28 U.S.C. § 1915(a)(3), we CERTIFY that any appeal of this Opinion and Order would not be taken in good faith, and any application to appeal *in forma pauperis* thus should be denied. See Fed. R. App. P. 24(a)(3)(A).

SO ORDERED.

Dated: 12/6/11

S. Arthur Spiegel
United States Senior District Judge